# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

Filed                 17-CI-004988    09/21/2017              David L. Nicholson, Jefferson Circuit Clerk

CASE NO. _____        JEFFERSON CIRCUIT COURT
                                                              DIVISION _____
                                                                JUDGE _____

LARRY GAMES                                                      PLAINTIFF

v.

TRANS UNION, LLC                                      DEFENDANTS

    **Serve:**
    The Prentice Hall Corporation System
    421 West Main Street
    Frankfort, KY 40601

EXPERIAN INFORMATION SOLUTIONS, INC.

    **Serve:**
    C T Corporation System
    306 W Main St
    Suite 512
    Frankfort, KY 40601

EQUIFAX INFORMATION SERVICES, LLC

    **Serve:**
    Corporation Service Company
    421 West Main Street
    Frankfort, KY 40601

## COMPLAINT

The Plaintiff, Larry Games, by counsel, for his Complaint against Defendants, Trans Union LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc., states as follows:

Filed                 17-CI-004988    09/21/2017              David L. Nicholson, Jefferson Circuit Clerk

## INTRODUCTION

1. This is an action for actual damages, statutory damages, and punitive damages brought by Plaintiff against the Defendants for willful, knowing, and/or negligent violations of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 et seq. (known as the "Fair Credit Reporting Act", hereafter the "*FCRA*"), which relates to the compilation and dissemination of consumer credit and other financial information.

## JURISDICTION AND VENUE

2. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

3. Defendant, Trans Union, LLC ("*Defendant*" or "*Trans Union*"), is a limited liability company organized and existing under the laws of the State of Delaware and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Trans Union has principle offices located in Chicago, Illinois. Trans Union is a "consumer reporting agency," as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

4. Defendant, Experian Information Solutions, Inc. ("*Defendant*" or "*Experian*"), is a limited liability company organized and existing under the laws of the State of Ohio and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Experian has principal offices located in Costa Mesa, California. Experian is a "consumer reporting agency", as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

5.  Defendant, Equifax Information Solutions, LLC ("*Defendant*" or "*Equifax*"), is a limited liability company organized and existing under the laws of the State of Georgia and is engaged in the business of acquiring, using, furnishing, and disseminating consumer information in the Commonwealth of Kentucky. Equifax has principal offices located in Atlanta, Georgia. Equifax is a "consumer reporting agency", as said term is defined and/or contemplated in the FCRA, with respect to the matters referenced herein.

6.  Plaintiff seeks damages in excess of the minimum damages available in this Court.

7.  This Court has jurisdiction over this action by virtue of KRS 23A.010 and Kentucky's Constitution § 112(5).

8.  Venue in this Court is proper because the Plaintiff resides in this county, the conduct complained of occurred here, and Defendants transact business in this county.

## FACTS

9.  In 2013 and 2014, Plaintiff was the victim of identity theft. On information, the thief opened credit and other accounts in Plaintiff's name and incurred unauthorized charges on some of Plaintiff's existing accounts. As a result of the identity theft, the Defendants included erroneous and derogatory information about Plaintiffs in its files.

10. In or around July 28, 2016, Plaintiff wrote letters to each Defendant wherein Plaintiff disputed several adverse items that appeared in his consumer disclosures.

11. Defendants failed to reasonably investigate the disputes or remove the derogatory information from Plaintiff's credit file.

12. On or about October 4, 2016, Plaintiff applied for a home loan to Century Mortgage. Century Mortgage denied the application based on the false and derogatory information in Defendants' respective credit files relating to Plaintiff.

13. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered actual damages, including but not limited to emotional and mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, inconvenience, loss of privacy, credit denials, pecuniary loss, loss of credit opportunities and commercial viability, harm to reputation, postage and other expenses, and decrease to his credit score, credit rating, and perceived credit worthiness.

14. The Defendants' conduct and/or inaction as alleged herein was intentional, malicious, fraudulent, oppressive, and was carried out in reckless disregard for the rights of Plaintiff, warranting imposition of the maximum statutory penalties under the law and punitive damages.

## COUNT I
## WILLFUL NONCOMPLIANCE WITH THE FCRA

15. Between approximately July 28, 2016 and the present, Defendants, Trans Union, Equifax, and Experian willfully failed to comply with the requirements of the FCRA, by, inter alia:

   a. failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff in her consumer file, in violation of 15 U.S.C. § 1681e(a);

   b. failing to conduct a reasonable reinvestigation to determine whether the information disputed by Plaintiff is inaccurate and record the current status of the

disputed information, or delete the item from the file, within thirty (30) days of receipt of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a)(1)(A);

c.  failing to notify Plaintiff of the results of its reinvestigation within five (5) days after completion of its reinvestigation, in violation of 15 U.S.C. § 1681i(a)(6)(A); and,

d.  failing to indicate the fact of Plaintiff's dispute of information reported in Plaintiff's consumer file, in violation of 15 U.S.C. § 1681i(c); and,

16. As a result of the Defendants' willful violations of the FCRA, Plaintiff has suffered harm and the Defendants are liable to Plaintiff for actual damages, statutory damages, punitive damages, plus attorney's fees and costs.

## COUNT II
## NEGLIGENT NONCOMPLIANCE WITH THE FCRA

17. In the alternative, Defendants were negligent in failing to comply with the requirements of the FCRA and are liable to Plaintiff for actual damages, plus attorney's fees and costs.

## COUNT III
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18. Defendants' conduct as herein alleged was intentional, reckless, or negligent.

19. Defendants' conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

20. Defendants' conduct as herein alleged was a cause of Plaintiff's emotional distress.

21. Plaintiff's emotional distress was severe.

22.   At law, Plaintiff is entitled to an award of compensatory damages against the Defendants.

23.   Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendants.

## COUNT IV
## INVASION OF PRIVACY

24.   Between approximately July 28, 2016 and the present, Defendants unreasonably intruded upon the privacy and seclusion of Plaintiff, by, *inter alia*, communicating with Plaintiff about the account, obtaining and using Plaintiff's private financial and credit information, and communicating with each other and/or with others regarding Plaintiff's private financial and credit information and the account.

25.   As a result of said intrusion, Plaintiff was damaged.

26.   At law, Plaintiff is entitled to an award of compensatory damages against the Defendants.

27.   Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Larry Games, by counsel, demands a judgment against Defendants for the following relief:

a.   actual damages;

b.   statutory damages;

c.   punitive damages;

d.   attorney's fees and costs;

Filed            17-CI-004988     09/21/2017              David L. Nicholson, Jefferson Circuit Clerk

e.  pre- and post-judgment interest; and,

f.  any other relief to which Plaintiff may appear entitled.

Respectfully submitted,

TAYLOR COUCH PLLC

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205
Phone: (502) 625-5000
Fax: (502) 822-2500
ztaylor@taylorcouchlaw.com

*Counsel for Plaintiff Larry Games*

Package:000009 of 000009

Presiding Judge: HON. A. C. MCKAY CHAUVIN (630220)

Package : 000009 of 000009

Filed            17-CI-004988     09/21/2017      7      David L. Nicholson, Jefferson Circuit Clerk